## MUNICIPALITIES

### VALIDLY ADOPTED AMENDMENTS TO CHARTER ARE EFFECTIVE DESPITE OMISSION FROM COMPILED VERSION OF CHARTER

July 10, 1995

*David R. Podolsky, Esquire*
*Counsel for Chevy Chase Village*

On behalf of Chevy Chase Village, you have requested our opinion on the correct wording of the Village's charter. In your letter, you pointed out that only two of nine amendments that were purportedly adopted by the Village governing body in 1965 are reflected in the version of the charter published by the State Department of Legislative Reference.

Based on our examination of copies of the relevant contemporaneous records and documents, we conclude that these amendments were adopted in accordance with the then-applicable law. Therefore, the document published by the Department should be revised to reflect the adoption of the 1965 amendments.

## I

### Background

#### A.   *Municipal Charters and Charter Amendment*

Prior to the adoption in 1954 of the Municipal Home Rule Article, Article XI-E of the Maryland Constitution, the General Assembly enacted charters for the various municipal corporations. *See* Article III, §48 of the Constitution. By virtue of the Home Rule Article, municipal corporations may adopt and amend their own charters in accordance with procedures prescribed by public general law. Article XI-E, §§3 and 4.

At the time that the amendments in question were approved, the public general law of the State provided that an amendment to a

municipal charter could be initiated by the legislative body or by petition of the voters. Article 23A, §§13(a) and 14(a) of the Maryland Code (1964 Supp.). As initiated by the legislative body, an amendment was to be embodied in a resolution and passed in the usual way by a majority vote of the elected members. §13(a). Such an amendment would take effect on the fiftieth day following its adoption, unless a petition calling for a referendum was filed within forty days. §13(f). Within the forty day period, a fair summary of the amendment was to be published in a newspaper of general circulation once a week for at least four weeks. §13(e).

However, such an amendment could not become effective until it was registered with the Secretary of State and the Department of Legislative Reference. The following information was to be sent by registered mail for registration with the Department: the text of the amendment; the date of the referendum, if any; the number of votes cast for and against the amendment, whether in the legislative body or in a referendum; and the effective date. §17(f) and (g).

### B.    *The Charter of Chevy Chase Village*

Prior to the adoption of the Municipal Home Rule Article, the General Assembly enacted a revised charter for Chevy Chase Village. Chapter 251, Laws of Maryland 1951. In relevant part, this charter provided for an elected governing body of seven members, to be known as the Board of Managers. Among the officers of the Board, to be elected from among its members, was a Secretary, whose duties included keeping minutes of all meetings of the Board. §77(122-4)(a) and (b).[1]  Although the original copy of the minutes of the Board for 1965 has not been located, a microfilm copy is in the custody of the Maryland State Archives.

## II

### The 1965 Charter Amendments

The Board minutes for January 11, 1965, describe the approval of seven separate motions to amend the charter. These minutes,

---

[1] A 1965 publication entitled *Chevy Chase Village, Maryland – History, Ordinances and Regulations, Charter* shows no substantive change in these provisions.

which were approved at a subsequent Board meeting, do not describe the substance of the amendments. Although the minutes make reference to attached copies, the microfilm does not have such copies. However, the microfilm record includes a copy of a letter dated January 21, 1965, from George M. Ferris, Chairman of the Board, to the residents, and a statement summarizing nine amendments that would take effect on March 3, 1965, unless a petition for a referendum were filed. The statement, which Mr. Ferris included with his letter, was published in the *Bethesda-Chevy Chase Tribune* on January 22 and 29 and February 5 and 12, microfilm copies of which are at the Rockville Branch of the Montgomery County Library.

These summaries can reasonably be said to describe accurately the text of the amendments that you enclosed and that you state were found among the official records of the village.[2] The minutes of the Board for March 8, 1965, state that no referendum petitions had been filed and that the amendments took effect March 3, 1965.[3]

At the village's annual meeting on April 19, 1965, Arthur G. Lambert, the village's counsel, briefly described all but one of the amendments that had recently been adopted.[4] *See* Transcript of 51st Annual Meeting of Chevy Chase Village at 28-31 (microfilm copy in the Maryland State Archives). By registered letters of August 14,

---

[2] In your letter, you describe these as "nine amendments." Our review indicates that only seven amendments were actually approved. The discrepancy between the seven amendments, as noted in the minutes and contained in the text, and nine amendments, as summarized in the published statement, resulted from the description of a motion amending Section 78, concerning the election and oath of the Board, as two amendments, and of a motion amending §§79 and 86A, concerning the village police and the authority of the village and State Police, as two amendments.

[3] On April 5, 1965, these minutes were approved with the deletion of a reference to "regulations" in the item referring to the adoption of the amendments to what was called the "Village Act" – that is, the charter as enacted by the General Assembly.

[4] In his brief remarks, Mr. Lambert failed to mention an amendment that increased the Board's emergency borrowing powers from $10,000 to $20,000. However, he referred to a previously adopted amendment altering the village's boundaries.

1965, to the Secretary of State and the Department of Legislative Reference, copies of which you provided, Mr. Ferris enclosed the text of the revised charter and advised that the Board's vote had been unanimous, with all seven members present. By letters dated August 18, 1965, copies of which you also provided, Assistant Secretary of State C. F. Tucker and Dr. Carl N. Everstine, Director of the Department of Legislative Reference, acknowledged the receipt of the revised text.

In short, our examination of the officially held copies of the relevant records and documents has convinced us that what you have described as nine amendments were lawfully adopted in January 1965, in accordance with the applicable law at that time.

## III

### Effect of Charter Compilations

In 1983, the General Assembly "legalized" the 1983 compilation of municipal charters prepared by the Department of Legislative Reference. Moreover, this enactment declared the compilation and the supplements to be "evidence of the Charters of Maryland municipal corporations in effect at the time of compilation." Chapter 77, Laws of Maryland 1983.

However, an enactment that legalizes a code and makes it evidence of the law does not preclude inquiry as to the correctness of the codification. *Brenner v. Plitt*, 182 Md. 348, 360-361, 34 A.2d 353 (1943); *Welsh v. Kuntz*, 196 Md. 86, 96-97, 75 A.2d 343 (1950). *See also Nordheimer v. Montgomery County*, 307 Md. 85, 94 n. 6, 512 A.2d 379 (1986).

In our view, the same principle applies to the compilation of municipal charters. Accordingly, the 1983 enactment that legalized the Chevy Chase Village Charter, as published by the Department, made the compilation evidence of this charter; it did not preclude an inquiry concerning what amendments were lawfully adopted by the Board of Managers. To the extent that the amendments adopted in 1965 are not reflected in the charter published by the Department, the published charter should be revised to reflect these amendments, subject to any subsequent revisions.

## IV

## Conclusion

In summary, it is our opinion that certain 1965 amendments to the Charter of Chevy Chase Village are valid and currently in effect.

J. Joseph Curran, Jr.
*Attorney General*

Richard E. Israel
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*